CRAIG FRANCIS SZEMPLE, Pro se
263906-POB 2300
NEWARK, NJ 07114


AUGUST 13, 2019


THE HON. PETER G. SHERIDAN, USDJ
UNITED STATES DISTRCIT COURT
402 EAST STATE STREET
TRENTON, NJ 08608

    RE: STATEMENT EXPLAINING
    DISBURSEMENT OF $7,500
    SETTLEMENT AND WHY IT DIDN'T
    SHOW UP IN THE IN FORMA PAUPERIS
    APPLICATION IN 19-12746 (PGS-DEA)

DEAR JUDGE SHERIDAN:

    Per your order dated 8 August 2019, please accept my explanation of why I didn't include the settlement amount in my application for in forma pauperis in SZEMPLE v RUTGERS UNIVERSITY, CIVIL ACTION NOS. 19-12746(PGS-DEA).

    Per my long stated intentions, as I explained to my Court appointed counsel, Blank Rome, LLP namely Stephen Orlofsky, Esq. (Ret. USDJ) that it was my desire and full intentions to order counsel to direct the proceeds from any settlement or jury verdict award, were to be disbursed and given to CHARITY. I DID NOT WANT ANY OF THE PROCEEDS FROM THESE ACTIONS TO END UP IN MY INMATE ACCOUNT.

    The charities, of my choosing, were to include different religions, different causes, even different individuals in

need, but all done, with the explicit purpose of helping those who really need help, and they are; ie Jewish groups, Episcopalian Divinity school graduates, A disabled Presbyterian widow who is supporting african emigre' family that live with her now, Roman Catholic Nuns at the Felician convent in Lodi, NJ, and a blind and disabled Jewish Female parolee's in California to name a few.

To help cover the postage costs, legal phone call costs (the northern state law library charges inmates $5.69 To call the court in Trenton--on 3/18/2019 I called the Court 2X on the same day and this came to $11.38--on 1/16/2019 the phone charge was duplicated for the same amount $11.38) plus copy costs, administrative costs, in prosecuting this case, a check was distributed by Blank Rome, LLP for $100 dollars, to me here at the prison. The 100 dollar check, after it was taxed by the prison, for fines, adminstrative fee's, was reduced substantially and when I spent the money another 10% was deducted from the original 100 dollars.

The $100 dollars that was deducted from the settlement was spent with nothing remaining after the costs were deducted.

Therefore, there was <u>nothing</u> to report as income received on the <u>in forma pauperis</u> application, that I filed along with the complaint that I submitted to the court.

The medical costs that I am charged for--$5.00 dollars everytime I am seen by a health care nurse/doctor, $1.00 for every prescription I am given, and I have 22 different med's THAT I TAKE EVERYDAY.

In conclusion, there was no misrepresentation of facts in my application, and while the disbursement of settlement funds for and in the name of charity might seem unusual, because prisoners are stigmatized as being selfish, greedy and uncharitable to anyone but themselves, it was indeed done.

Therefore your honor, I would respectfully request that my civil action, SZEMPLE v RUTGERS, docket nos. 19-12746 (PGS-DEA) BE ALLOWED TO PROCEED AND TO BE PROSECUTED.

Thank you for your consideration of my pro se answer to the Courts request for a written statement in this matter.

Most Respectfully yours,

*[signature]*

CRAIG SZEMPLE

