NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE, | Civil Action No. 19-12746 (PGS-DEA) |
| Plaintiff, | |
| v. | MEMORANDUM |
| RUTGERS UNIVERSITY, et al, | |
| Defendants. | |

## PETER G. SHERIDAN, U.S.D.J.

Plaintiff Craig Francis Szemple seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court originally administratively terminated the application because Plaintiff did not submit an entire application with his complaint. (ECF No. 2). Plaintiff submitted his application, and the Clerk reopened the matter for review. In his application, Plaintiff denied that he received any money in the past 12 months. (ECF No. 3 at 3). This is signed under penalty of perjury. (*Id.* at 4).

On December 18, 2018, Magistrate Judge James B. Clark signed an order reflecting a settlement agreement entered into by Plaintiff and the defendants in *Szemple v. University of Medicine and Dentistry of New Jersey* No. 10-258 (D.N.J. Dec. 18, 2018) (ECF No. 161). Magistrate Judge Clark ordered defendants to pay Plaintiff a sum of $7500 by January 17, 2019. (*Id.*). Plaintiff's attorneys in that matter filed a letter saying they had received the payment, and District Judge Vazquez dismissed the matter with prejudice on January 23, 2019. *Szemple*, No. 10-258 (ECF Nos. 162-63). This settlement was also intended to cover a pro se matter before this Court, *Szemple v. Rutgers, the State University of New Jersey*, No. 10-5445 (D.N.J. dismissed

July 15, 2019) (ECF No. 169). Plaintiff's counsel in the matter before Judge Vazquez[1] confirmed to this Court on July 8, 2019 that the $7500 was disbursed "in accordance with Mr. Szemple's instructions." *Szemple*, No. 10-5445 (ECF No. 168).

The Court ordered Plaintiff to show cause regarding the apparent discrepancies in his *in forma pauperis* application. (ECF No. 4). Plaintiff responded that all of the proceeds from his settlement were "given to charity. I did not want any of the proceeds from these actions to end up in my inmate account." (ECF No. 5 at 1) (emphasis omitted). He stated he received a single $100 check from his attorneys to cover prison legal expenses. (*Id.* at 2). He stated that there was nothing to report as income received on his *in forma pauperis* application. (*Id.*).

Even if the Court accepts Plaintiff's assertion that he donated the majority of his settlement proceeds to charity, he still received income within the period of time covered by the *in forma pauperis* application. His explanation as to why it was omitted is not persuasive. Moreover, his statement to the Court does not explain other deposits listed on his account statement. (ECF No. 1-2). Between November 1, 2018 and May 16, 2019, Plaintiff received several deposits: $150 on January 24, 2019 (*Id.* at 5); $100 on February 23, 2019 (*Id.* at 6); $110 on March 19, 2019 (*Id.*); $350 on March 27, 2019 (*Id.*); $300 on April 12, 2019 (*Id.* at 7); $100 on April 26, 2019; and $100 on May 3, 2019 (*Id.*). Four of these, including the April 26, 2019 $100 check from Blank Rome LLP, are marked as being "attorney checks." This contradicts Plaintiff's assertion that he only received one check from his attorney for $100.

After giving Plaintiff notice and an opportunity to respond to the Court's concerns over his *in forma pauperis* application, the Court finds that Plaintiff has not been entirely candid with the Court over his financial situation. The Court also notes that Plaintiff paid his filing fee in full

---

[1] Plaintiff proceeded *pro se* in his matter before this Court.

on July 1, 2019 after Judge Vazquez denied his *in forma pauperis* application in a newly filed action in the Newark Vicinage: *Szemple v. Rutgers University*, No. 19-13300 (D.N.J. filed May 21, 2019). The Court therefore denies Plaintiff's *in forma pauperis* application. *See Castillo v. Blanco*, 330 F. App'x 463, 465-66 (5th Cir 2009) (affirming revocation of IFP when plaintiff misrepresented assets). The complaint will be administratively terminated until Plaintiff pays the $400 filing and administrative fees.

An appropriate order follows.

DATED: 10/21, 2019

PETER G. SHERIDAN
United States District Judge