# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

CRAIG SZEMPLE,

       Plaintiff,                   Civil Action No. 19-12746 (PGS) (DEA)

v.

                                  **ORDER**

RUTGERS UNIVERSITY, *et al.*,

       Defendants.

_____

This matter comes before the Court on an application for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* ECF No. 6. The Court has fully considered Plaintiff's application, and for the reasons set forth below, Plaintiff's application for the appointment of *pro bono* counsel [ECF No. 6] is **DENIED**.

Although there is no right to counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993), pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the court *sua sponte*. *See Tabron*, 6 F.3d 156.

When deciding whether to appoint counsel under § 1915, the Court must be persuaded that the plaintiff's claim has some merit in law and fact. *Id.* at 155. If the Court finds that the plaintiff's claim has merit, the Court must then weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a

significant role in the resolution of the applicant's claims (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-57. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, No. 06-2027, 2006 U.S. Dist. LEXIS 59102, at *1 (D.N.J. Aug. 22, 2006)(citing *Tabron*, 6 F.3d at 157-58).

Here, Plaintiff explains that he has found counsel, Michael Pereda, Esq., willing to represent him. ECF No. 6 at 3. However, Mr. Pereda does not have the resources to pursue this litigation on behalf of Plaintiff. *Id.* Plaintiff argues that he requires the assistance of counsel because he is challenging the "systematic violation of prisoner rights in the use of 'death wagons' to transport sick and injured prisoners to medical appointments." *Id.* Plaintiff argues that he needs the assistance of counsel with potential expert testimony and to inspect the medical transport vans. *Id.*

This case is still in its early stages. Defendants have yet to file an answer, so the factual and legal issues have not been tested or developed by the general course of litigation. Plaintiff has not demonstrated that the legal issues and any necessary factual investigation, credibility determinations, or expert testimony warrant the appointment of counsel at this time. Plaintiff simply states that this case *may* require expert testimony. *Id.* However, at this early stage, the requirement of expert testimony is unclear, so the Court will not appoint counsel on that basis. At this point, Plaintiff appears capable of presenting his claims without the assistance of counsel. Admittedly, the issues could become more complicated, so the Court will continue to monitor the

considerations raised by Plaintiff and, as the case proceeds, may exercise its discretion to appoint counsel *sua sponte* if these considerations so warrant. Accordingly,

**IT IS** on this 10th day of December 2019,

**ORDERED** that Plaintiffs Application for Appointment of Pro Bono Counsel [ECF. No 6] is **DENIED.**

s/*Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
