**WHITE AND WILLIAMS, LLP**
KEVIN C. COTTONE (044261994)
1650 MARKET STREET, ONE LIBERTY PLACE, SUITE 1800
PHILADELPHIA, PA 19103
215-864-7108
ATTORNEYS FOR SAINT FRANCIS MEDICAL CENTER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE<br><br>Plaintiff,<br><br>v.<br><br>GARY LANIGAN; RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY. UNIVERSITY CORRECTIONAL HEALTH CARE; DR. ART BREWER; DR. WILLIAM BRIGLIA; MICHELLE RICCI; GEORGE ROBINSON; DR. SANDRA CONNELLY; DR. SHARMALIE PERERA; NURSE REGISTER; APN LATIA FEDEI; ST. FRANCIS MEDICAL CENTER, JOHN DOE ##1-3; and JANE DOE ##1-2, individually, jointly, and severally,<br><br>Defendants. | CIVIL ACTION<br><br>3:19-CV-12746-RK-JTQ<br><br>Document Filed Electronically<br><br>**CERTIFICATION OF KEVIN C. COTTONE, ESQ. IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE AS TO DEFENDANT ST. FRANCIS MEDICAL CENTER FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Kevin C. Cottone Esq., hereby certifies as follows:

1.      I am an attorney at law of the State of New Jersey and partner in the law firm of White and Williams, LLP, attorneys for Defendant, Saint Francis Medical Center (hereafter, "SFMC").

2.      SFMC submits the attached notice, motion and brief in support of its Notice of Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice.

3.      Plaintiff filed his First Amended Complaint on October 4, 2021. A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit A**.

51992795v.1

4.    Plaintiff's First Amended Complaint alleges that Defendant SFMC failed to provide Plaintiff with appropriate medical care which constitutes cruel and unusual punishment prohibited by the Eight Amendment and the Fourteenth Amendment of the United States Constitution (First Cause of Action) and committed professional negligence/medical malpractice (Sixth Cause of Action).

5.    According to Plaintiff's First Amended Complaint, Plaintiff's cause of action accrued on October 15, 2018.

6.    The gravamen of Plaintiff's case against SFMC is that he suffered severe injuries during transport from prison to SFMC and staff refused to document his injuries.

7.    Plaintiff's claim that Defendants failed to provide Plaintiff with appropriate medical care which constitutes cruel and unusual punishment prohibited by the Eight Amendment and the Fourteenth Amendment of the United States Constitution under 42 U.S.C. Section 1983 does not specifically state a statutory period.

8.    Instead, Section 1983 adopts the personal injury statute of limitations of the state which the matter is filed.

9.    New Jersey personal injury claims are governed by N.J.S.A 2A:14-2, which provides in pertinent part, that "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this statute shall be commence within two years next after the cause of any such action shall have accrued."

10.    The two-year statutory period expired on October 15, 2020.

11.    Although Plaintiff filed his original Complaint on May 21, 2019, he failed to serve SFMC at any point.

-4-

12. Mr. Szemple filed his First Amended Complaint on October 4, 2021, almost a year after the statute of limitations period expired.

13. To date, SFMC has never been served with original process in this case.

14. In fact, SFMC did not even have any knowledge of this case until a conference pertaining to Plaintiff's other District of New Jersey case against it that occurred in *May of 2023*, more than 30 months after the statute of limitations expired.

15. Plaintiff should have known of a potential claim as to Saint Francis Medical Center as of October 15, 2018.

16. In fact, by Plaintiff's own telling of the facts, he made formal administrative complaints as early as October 30, 2018.

17. Therefore, Plaintiff's First and Sixth Causes of Action should both be dismissed with prejudice for failure to comply with the two-year Statute of Limitations and for failure to serve the Complaint within 90 days.

18. Additionally, the time period for service is 90 days, after which the court must dismiss the action against the defendant who has not been served or order that service be made within a specified time. F.R.C.P. 4(m).

19. The claims against St. Francis Medical Center should likewise be dismissed for failure to effectuate service of process to date.

20. For the foregoing reasons, as well as those set forth in the accompanying brief, Saint Francis Medical Center respectfully submits that, in the interests of justice and equity, and pursuant to controlling case and statutory law, Plaintiff's claims against Defendant, Saint Francis Medical Center, must be dismissed with prejudice.

-5-

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____

Kevin C. Cottone, Esquire
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7000
Attorneys for Defendant,
Saint Francis Medical Center

Dated: June 10, 2026

-6-

51992795v.1