## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE | : CIVIL ACTION |
| Plaintiff, | : 3:19-CV-12746-RK-JTQ |
| v. | : |
| GARY LANIGAN; RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY. UNIVERSITY CORRECTIONAL HEALTH CARE; DR. ART BREWER; DR. WILLIAM BRIGLIA; MICHELLE RICCI; GEORGE ROBINSON; DR. SANDRA CONNELLY; DR. SHARMALIE PERERA; NURSE REGISTER; APN LATIA FEDEI; ST. FRANCIS MEDICAL CENTER, JOHN DOE ##1-3; and JANE DOE ##1-2, individually, jointly, and severally, | : Document Filed Electronically |
| Defendants. | : |

## BRIEF OF DEFENDANT SAINT FRANCIS MEDICAL CENTER
## IN SUPPORT OF MOTION TO DISMISS PURSUANT
## TO FED. R. CIV. PROC. 12(b)(6)

Kevin C. Cottone, Esq.
    On the Brief

**WHITE AND WILLIAMS, LLP**
Kevin C. Cottone (044261994)
1650 Market Street, One Liberty Place,
Suite 1800
Philadelphia, PA 19103
215-864-7108
Attorneys for Saint Francis Medical Center

51992795v.1

## STATEMENT OF FACTS

Defendant, Saint Francis Medical Center, hereby incorporates by reference herein the accompanying Certification of Kevin C. Cottone, Esq. submitted contemporaneously herewith.

## LEGAL ARGUMENT

Defendant, Saint Francis Medical Center ("SFMC"), moves pursuant to Fed R. Civ. P. 12(b)(6) to dismiss the First Amended Complaint for failure to state claims upon which relief may be granted.

A complaint must be dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief can be granted. To survive dismissal, the complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is proper where the complaint demonstrates, on its face, that the claim is barred by the statute of limitations. See, e.g., Jones v. Bock, 549 U.S. 199 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994). The Third Circuit regularly affirms dismissal under Rule 12(b)(6) when the statute of limitations defect is apparent from the complaint. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Dismissal is likewise warranted when the complaint runs contrary to a dispositive issue of law as to which no construction of the factual allegations will suffice, Williams v. Edelman, 408 F.Supp.2d 1261,1264(S.D. Fla. 2005), or "lacks a sufficient factual predicate." Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir. 1996). The sweep of Rule 12(b)(6) clearly supports dismissal of claims which are unsupportable at law. Neitzke v. Williams, 490 U.S. 319, 327 (1985). In considering motions to dismiss involving state law claims, the existence or

-8-

51992795v.1

nonexistence of a claimed cause of action is governed by the applicable state substantive law. See Chamberlain v. Giampapa, 210 F.3d 154,158 (3d Cir. 2000); Yurick v. State, 184 N.J. 70 (2005); Michelman v. Erlich, 311 N.J. Super. 57 (App. Div. 1998).

In applying the foregoing standards governing Rule 12(b)(6) motions to the First Amended Complaint, the Court should find that it fails to state valid claims as each claim was filed long past the applicable Statute of Limitations and, thus, Defendants' motion should be granted.

Plaintiff's claims against Defendants accrued no later than October 15, 2018. Federal law governs claim accrual for § 1983 claims. A civil rights claim accrues "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007). That occurs when the plaintiff knew or reasonably should have known of the injury. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Personal injury claims likewise accrue when the injury occurs or is reasonably discoverable. Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001).

Both personal injury claims and § 1983 claims arising in New Jersey are governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. Federal courts borrow this period for civil rights cases. Wallace, 549 U.S. at 387; Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

Plaintiff alleges the events at issue occurred on October 15, 2018. The two-year statutory period expired on October 15, 2020. Although Plaintiff filed his original Complaint on May 21, 2019, he failed to serve SFMC at any point. He filed his First Amended Complaint on October 4, 2021, almost a year after the statute of limitations period expired. To date, SFMC has never been served. A claim filed after the statute of limitations period is legally barred. See, e.g., Wilson v. Garcia, 471 U.S. 261, 280 (1985); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.

51992795v.1

1989); <u>Rolax v. Whitman</u>, 175 F. Supp. 2d 720, 725 (D.N.J. 2001). Additionally, the time period for service is 90 days, after which the court must dismiss the action against the defendant who has not been served or order that service be made within a specified time. F.R.C.P. 4(m). The claims against St. Francis Medical Center should likewise be dismissed for failure to effectuate service of process to date.

## REQUESTED RELIEF

For the foregoing reasons, as well as those set forth in the accompanying Certification, Saint Francis Medical Center respectfully requests that this Court dismiss Plaintiff's claims against Saint Francis Medical Center with prejudice, consistent with the enclosed proposed form of Order.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____

Kevin C. Cottone, Esquire
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7000
Attorneys for Defendants,
Saint Francis Medical Center

Dated:  June 10, 2026

-10-