UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


JULY 16, 2026


HON. J.T. QUINN
UNITED STATES MAGISTRATE JUDGE
UNITED STATES COURTHOUSE
402 EAST STATE ST
TRENTON, NJ 08608

RECEIVED
AT 8:30
JUL 22 2026
CLERK, U.S. DISTRICT COURT - DNJ
M

RE: SZEMPLE VS. RUTGERS, ET AL.
DOCKET NO. 19-13300 (JTQ)
SZEMPLE VS. RUTGERS, ET AL
DOCKET NO. 19-12746 (JTQ)

LETTER BRIEF IN SUPPORT OF
PLAINTIFFS APPOINTMENT OF PRO
BONO COUNSEL FOR ABOVE MATTERS


DEAR JUDGE QUINN:

PLAINTIFF SUBMITS THIS LETTER BRIEF IN LIEU OF A MORE FORMAL BRIEF IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, IN THE ABOVE MATTERS.

PLAINTIFFS HEALTH IS IN SUCH SEVERE DECLINE THAT HIS REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL IS PAST THE DEFINITION OF URGENT. THE PLAINTIFF'S HEALTH DECLINE PROCLUDES ANY MEANINGFUL LEGAL WORK TO BE DONE BY THIS PRISONER LITIGANT.

IN JUNE OF 2026, PLAINTIFF SPENT 12 DAYS AS AN INPATIENT, IN 3 DIFFERENT L.C.U. WINGS IN CAPITOL HEALTH HOSPITAL IN TRENTON, AND LOST MORE THAN 60% (SIXTY PERCENT) OF HIS BLOOD DUE TO AN INTESTINAL BLEED AND HAS TO RECEIVE 9 (NINE) BLOOD TRANSFUSIONS. AS BAD AS THE PLAINTIFFS DECLINING HEALTH IS, THE

①

PLAINTIFF HAS NOT BEEN ALLOWED INTO THE LAW LIBRARY IN THE PRISON HE IS CONFINED IN, NEW JERSEY STATE PRISON, FOR THE PAST 303 DAYS, SINCE BEING IN-VOLUNTARILY MOVED FROM NORTHERN STATE PRISON, ON SEPT. 18, 2025. WHILE IN CAPITOL, I WAS LISTED IN CRITICAL CONDITION. I HAVE NO PARA LEGAL HELP FROM THE LAW LIBRARY HERE AND SINCE THE DEFENDANTS DESTROYED MY WORD PROCESSOR, I HAVE BEEN FORCED TO HANDWRITE ALL MATTERS WITH THE COURT, INSPITE OF MY HAVING RIGHT ULNAR NERVE PALSY, IN RIGHT ARM, AS WELL AS CARPAL TUNNEL ENTRAPMENT IN MY RIGHT WRIST, TOGETHER MAKING IT ALMOST IMPOSSIBLE TO HANDWRITE COHERENTLY. (SEE OTHER CONDITIONS LISTED BELOW)

I HAVE REPEATEDLY REQUESTED PRO BONO COUNSEL FROM THE COURT, AND THE COURT GRANTED COUNSEL, FROM THE LAW FIRM OF BLUME FORTE FOR A LIMITED PURPOSE WHICH THE SUPREME COURT OF THE UNITED STATES RULED ON. WITH THE RULING, THE COURT RELIEVED COUNSEL FROM IT'S LIMITED PURPOSE OF ITS APPOINTMENT, WHICH LEAVES ME WITH NO COUNSEL.

I WAS ADMITTED TO CAPITOL HEALTH FOR THE THIRD TIME IN 3 WEEKS AND I COME BEFORE THE COURT AGAIN TO REQUEST PRO BONO APPOINTMENT OF COUNSEL DUE TO MY HEALTH REASONS AND THE CONSTRICTIONS OF BEING IN THE PRISONS INFIRMARY.

THE PLAINTIFF'S CASE IS "MEDICAL IN NATURE" AND MAY INVOLVE COMPLEX ISSUES, EXPERT TESTIMONY AND CREDIBILITY ISSUES AND THE COURT MAY RECOGNIZE THAT AS THE CASES PROGRESS, THE COMPLEXITY OF THE FACTUAL ISSUE

②

OR THE NEED FOR ADDITIONAL LEGAL BRIEFINGS MAY REQUIRE THE APPOINTMENT OF COUNSEL.

SINCE THIS PLAINTIFF HAS RENEWED HIS APPLICATIONS, HE HAS BEEN RELOCATED 6 TIMES (SIX) FROM DIFFERENT INSTITUTIONS, AND THE PLAINTIFF'S PROPERTY WHICH INCLUDES DATA FROM THESE MATTERS, HAS BEEN LOST, STOLEN AND PILFERED BY INMATES, CUSTODY AND THE LIKE WHICH COMPLICATES THE PLAINTIFFS SEARCH FOR THE TRUTH. BECAUSE OF THE CONSTANT TRANSFERS, 3 IN LESS THAN 2 MONTHS IE; FROM SOUTHWOODS IN BRIDGETON, TO NORTHERN STATE IN NEWARK, TO N.J.S.P. IN TRENTON, MY PROPERTY HAS BEEN LOST, AND IS MISSING.

NOT only, IN NEW JERSEY STATE PRISON, HAVE I BEEN DENIED ACCESS TO THE LAW LIBRARY BUT WITHOUT USE OF WORD PROCESSOR AND BEING DISABLED BECAUSE OF
(1) CARPAL TUNNEL SYNDROME (BI-LATERAL) A ROTATOR CUFF TEAR (BILATERAL), ULNAR NERVE PALSY (BILATERAL) AND EPICONDYLITIS (BILATERAL) AND WITH THE WORSENING SEVERE HEART DISEASE, TO INCLUDE A-FIB AND THE G.I. DIVICULITIS WHICH CAUSED THE SEVERE HEMORRHAGING THAT LED TO 9 TRANSFUSIONS OF BLOOD WHILE AN INPATIENT AT CAPITOL HEALTH FROM 6-18-26 TO 6-25-26 IT IS IMPOSSIBLE FOR THIS PLAINTIFF TO PROCEED WITHOUT PRO BONO APPOINTMENT OF COUNSEL.

THIS COURT HAS ALREADY RECOGNIZED THE ARGUABLE MERIT IN FACT AND LAW AND ALREADY APPOINTED COUNSEL FOR LIMITED PURPOSES, I REQUEST AGAIN THAT THE COURT APPOINT COUNSEL.

THESE MATTERS HAVE OCCUPIED TIME AND SPACE ON THE COURTS CALENDAR AND WITH APPOINTED COUNSEL THESE MATTERS CAN HOPEFULLY BE HANDLED TO FRUITION.

3

...excedingly true that the defendants attempt's to "cover up" the severity of the plaintiffs situation, the plaintiff cannot represent himself and being pro se against a throng of attorneys will undoubtly prolong this litigation unnecessary.

For the above reasons, this plaintiff's application for pro bono counsel is requested to be granted before his many serious health conditions become fatally worse, to lessen the amount of paper work I am, as was decided with Blume Forte Pro Bono representation containing this matter, both cases listed above for pro bono counsel. ( 19-12746 and 19-13300 )

Most sincerely,

c: H. Feldman, Esq.
   Jan 20, 2026

4