**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CRAIG SZEMPLE,**<br><br>Plaintiff,<br><br>v.<br><br>**RUTGERS UNIVERSITY, et al.,**<br><br>Defendants. | Civil Action No. 19-12746 (RK) (JTQ)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court on *pro se* Plaintiff Craig Francis Szemple's motion seeking the appointment of *pro bono* counsel in Civil Action No. 19-12746 (ECF No. 109). For the reasons set forth below, Plaintiff's motion is denied without prejudice.

This civil-rights action arises from Plaintiff's allegations that Defendants subjected him to unsafe transportation conditions while he was incarcerated, failed to accommodate his medical conditions and physical disabilities during transportation, and subsequently denied him adequate medical treatment. (ECF No. 42-2). The Court previously appointed *pro bono* counsel for the limited purpose of assisting Plaintiff in determining whether he could obtain an appropriate affidavit of merit to support his state-law claim. (ECF Nos. 58, 61). On March 5, 2026, following the Supreme Court's decision in *Berk v. Choy*, the Court relieved appointed counsel of his representation. (ECF No. 107). Plaintiff thereafter filed the present motion seeking the renewed appointment of *pro bono* counsel. (ECF No. 109).

It is well settled that litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, No. 20-1246, 2023 WL 195162, at *5 (3d Cir. Jan. 17, 2023); *see also Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (civil litigants "have no statutory right to appointed counsel."). Nevertheless, under 28 U.S.C. § 1915, which governs actions in which a party is proceeding *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)).

Section 1915(e) confers "broad discretion" on a court "to request an attorney to represent an indigent civil litigant." *Tabron*, 6 F.3d at 153. In exercising that discretion, the Court first "must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. Upon finding that "the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* These additional factors include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157.

Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58). Courts are to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

The Court has considered all applicable factors and concludes that appointment of counsel is not warranted at this time. For purposes of the present Motion, the Court assumes, without deciding, that Plaintiff's claims satisfy the threshold requirement of arguable merit, though expresses no opinion on the merits of the pending motion to dismiss.

Turning to the first *Tabron* factor, Plaintiff has demonstrated an ability to articulate his claims and participate meaningfully in these proceedings. Without the assistance of counsel, Plaintiff has submitted detailed pleadings, including his original Complaint (ECF No. 1) and Amended Complaint (ECF No. 42), as well as numerous letters and motions, including the present, well-articulated Motion. (ECF No. 109). Moreover, Plaintiff has demonstrated an ability to address substantive legal issues without the assistance of counsel. Notably, Plaintiff filed a lengthy opposition to Defendants' prior motion to dismiss, in which he identified relevant legal standards, cited supporting authority, and advanced arguments concerning the applicability of New Jersey's affidavit-of-merit requirement. (ECF No. 46). These

submissions demonstrate Plaintiff's familiarity with the factual and legal issues underlying this action and his ability to present arguments in support of his claims.

The Court recognizes the difficulties associated with litigating while incarcerated, particularly in light of Plaintiff's significant medical conditions and asserted limitations on his access to legal resources and ability to prepare written submissions. (ECF Nos. 109, 117, 119, 121). Nevertheless, considering the record as a whole, the Court finds that Plaintiff has demonstrated sufficient ability to meaningfully present his claims at the present stage of the litigation. Accordingly, this factor weighs against appointment.

As to the complexity of the legal issues, the Court recognizes that claims involving deliberate indifference to serious medical needs and medical malpractice may present complex legal issues. Nevertheless, the nature of such claims does not necessarily establish that appointment of counsel is warranted. *See Lasko v.* Watts, 373 F. App'x 196, 201 (3d Cir. 2010) (finding that the legal issues and procedural hurdles in an action involving medical malpractice and deliberate indifference claims were not unusually complicated). Here, Plaintiff has demonstrated an ability to identify and address the legal issues presented in this action, including through substantive briefing concerning the applicability of New Jersey's affidavit-of-merit requirement. (ECF No. 46). Although Defendant Saint Francis Medical Center's pending motion to dismiss raises additional issues concerning the statute of limitations and service of process (ECF No. 112), the present record does not establish that these issues are so complex as to prevent Plaintiff from adequately presenting

his position. Accordingly, the Court finds that this factor weighs against appointment at this stage.

The third *Tabron* factor considers the extent to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation. Although Plaintiff's incarceration and medical conditions may present obstacles to conducting discovery, the record does not presently establish that Plaintiff is unable to undertake the factual investigation necessary to prosecute his claims. Notably, Plaintiff has not demonstrated that he has attempted to obtain relevant evidence and been unable to do so without the assistance of counsel. Given the limited development of the factual record, the Court cannot conclude that Plaintiff's circumstances render him incapable of conducting the necessary investigation. Accordingly, this factor does not favor appointment at this time.

With respect to the fourth *Tabron* factor, the Court considers whether credibility determinations are likely to play a significant role in the resolution of Plaintiff's claims. Although Plaintiff's allegations may ultimately involve conflicting testimony, the factual record remains undeveloped. At this stage, the Court cannot determine whether the resolution of Plaintiff's claims will depend on credibility determinations, as opposed to documentary or other evidence. Accordingly, this factor is neutral.

The fifth *Tabron* factor considers whether expert testimony will be necessary. Although Plaintiff's allegations concerning medical treatment and malpractice may ultimately require expert testimony, the Court finds that such a determination is

premature at this stage of the litigation. A motion to dismiss remains pending, and the factual record has not been sufficiently developed to determine what expert testimony, if any, will be necessary should any of Plaintiff's claims proceed. Accordingly, the Court finds that this factor is neutral at this time.

Finally, the sixth *Tabron* factor concerns Plaintiff's ability to obtain and afford counsel. The Court denied Plaintiff's prior application to proceed *in forma pauperis* and no other evidence in the record presently establishes either his financial circumstances or his ability to obtain representation independently. Accordingly, this factor does not favor appointment at this time.

In sum, the Court has assessed the *Tabron* factors in conjunction with other relevant considerations such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of a lawyer's time, *Tabron*, 6 F.3d at 157-58, and concludes that the appointment of counsel currently is not warranted.

Accordingly, **IT IS** on this 18th day of November 2026

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 109) is DENIED without prejudice.

s/ *Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 109